UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEONTAE SWEENEY,** | CASE NO. 1:12CV1342 |
| | 1:07-CR-400 |
| Petitioner, | |
| | JUDGE JOHN R. ADAMS |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | **MEMORANDUM OF OPINION** |
| | **AND ORDER** |

This matter comes before the Court upon Petitioner Deontae Sweeney's petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. 1, and subsequent Motions to Amend or Supplement his claim to Vacate, Set Aside, or Correct Sentence. Case No. 1:07-CR-400, Docs. 87-89.[1] For the reasons set forth below, Sweeney's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 2007, Sweeney was named in a one-count federal indictment alleging that he violated the provisions of 21 U.S.C. § 842(a)(1) by knowingly possessing with intent to distribute 50 grams or more of a substance containing cocaine base (crack). Doc. 1. The case proceeded to trial, and on December 11, 2007, the jury found Sweeney guilty of possessing with

---

[1] The Court recognizes Petitioner's notice of supplemental authority, doc. 90, and the Government's response, doc. 91.  Petitioner points this Court to a recent Sixth Circuit decision, *USA v. Blewett*, 12-5226 (6th Cir. May 17, 2013). This Court, however, notes that the mandate has not yet issued in this case and therefore, it is not controlling at this time.  The Court reserves the right to reopen this matter upon motion if the mandate ultimately issues.

intent to distribute at least 5 grams, but less than 50 grams, of cocaine base. Doc. 39 at 2. Sweeney was sentenced on April 21, 2008 to 262 months. Doc. 69 at 40.

Since his sentencing, Sweeney has filed multiple motions and other documents with the Court, some with assistance of counsel and others pro se, in an attempt to appeal his conviction and sentence. He filed a Notice of Appeal with the Sixth Circuit on April 30, 2008, challenging this Court's decision to deny a motion to suppress evidence seized from Sweeney's vehicle. Doc. 60. The Sixth Circuit affirmed the denial. *U.S. v. Sweeney,* 42 Fed. Appx. 37 (6th Cir. Nov. 3, 2010).

Sweeney subsequently filed a petition for a writ of certiorari to the United States Supreme Court on April 15, 2011. Doc 72. The Supreme Court denied his petition on May 31, 2011. Doc. 73.

On January 27, 2012, Sweeney filed with this Court a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582, Doc. 75, which was denied on January 31, 2012. Doc. 77. He then appealed this Court's denial to the Sixth Circuit on February 12, 2012. Doc. 78. That matter is still pending before the Sixth Circuit.

## II. PETITIONER'S MOTION

Sweeney now makes this pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. His motion sets forth ten grounds on which he believes his sentence should be vacated, set aside, or corrected, though many of these grounds are not clearly articulated. Ground One questions the legitimacy of the initial traffic stop of Sweeney's vehicle for failure to yield, which subsequently led to the search of the vehicle. Doc. 80 at 4. Ground Two alleges the Court erred in relying on law enforcement officers' experience in admitting their testimony at trial. *Id.* Ground Three alleges the Court erred in accepting the officers' plain view

observations of a liquor bottle in Sweeney's vehicle. *Id.* Ground Four alleges the court erred in failing to address the credibility of testimony offered by law enforcement officer Jamal Ansari. Doc. 80 at 5. Ground Five challenges Sweeney's career offender designation. Doc. 80-1 at 1. Ground Six questions the pat-down search conducted on Sweeney at the time of his arrest. *Id.* Ground Seven reiterates Sweeney's allegation that his conviction was based on evidence obtained in violation of his constitutional rights against unreasonable search and seizure. Doc. 80-1 at 2. Ground Eight alleges ineffective assistance of counsel. Specifically, Sweeney states, "In light of all of the evidence and facts in support of the Defendant, Defendant urged counsel to argue those facts and present such evidence and was told that what he filed gave the best chance for us to win on appeal, also during earlier proceedings and trial, suppression hearing, etc. Had counsel for Defendant argued and presented the evidence and documents in the Defendant's favor properly, charges against the Defendant would have been dropped." Doc. 80-1 at 4. Ground Nine repeats Sweeney's contention that his conviction was based on evidence obtained though an unlawful arrest. *Id.* Ground Ten alleges that the sentence Sweeney received of 262 months was too harsh and asks the court to reconsider sentencing in light of the Fair Sentencing Act of 2010. *Id.*

Sweeney has also filed three Motions to Amend or Supplement his claim. The first of these additional motions, filed on November 2, 2012, expands on his claim of ineffective assistance of counsel. Doc. 87. Specifically, Sweeney alleges that his attorney was ineffective because he failed to challenge the results of a pre-sentencing investigation and Sweeney's designation as a career offender. Doc. 87 at 1. He also alleges "false evidence manufactured against the Defendant aided by D.E.A. task force officer Jamaal [sic] Ansari." Doc. 87 at 2. Sweeney filed a second Motion to Supplement Claim on November 21, 2012, where he again

raises questions about the conduct of officer Ansari, citing several newspaper articles in which the officer is mentioned. Doc. 88-1 at 1-14. Finally, Sweeney filed a third Motion to Supplement Claim on December 3, 2012, alleging that the government violated his rights by failing to disclose material evidence. Doc. 89.

### III. LAW AND ANALYSIS

Under 28 U.S.C.A. § 2255, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255(a). To prevail on a § 2255 motion, the petitioner must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner must sustain the allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964. In addition, if a defendant has pending both a direct criminal appeal and an appeal from a judgment denying his § 2255 motion to vacate, the appellate court should proceed to decide the case on the direct criminal appeal. *United States v. Milledge*, 109 F.3d 312, 316 (6th Cir. 1997). Absent extraordinary circumstances, a district court should not entertain a § 2255 motion to

vacate during the pendency of the defendant's direct criminal appeal. *Capaldi v. Pontesso*, 135 F.3d at 1124 (6th Cir. 1998).

In this case, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence fails on all of the requirements of § 2255. Sweeney attempts to advance Fourth Amendment claims in Grounds One, Six, Seven, and Nine of his Motion. These claims are related to the initial traffic stop by police, the subsequent searches of his vehicle and of his person, and the evidence that was seized as a result. These issues were raised at the time of trial and on appeal to the Sixth Circuit and have been decided. *U.S. v. Sweeney,* 42 Fed. Appx. 37 (6th Cir. Nov. 3, 2010). No violation of Sweeney's Fourth Amendment rights has been shown. *Id.* Sweeney may not attempt to re-litigate his Fourth Amendment claims now by filing a Motion under § 2255 with this Court. *Richardson v. U.S.*, 25 F.3d 1050, 1994 WL 194197 (6th Cir. 1994) ("Richardson may not challenge the search warrant in a § 2255 motion because such a challenge could have been addressed in a direct appeal.").

Sweeney attempts to advance a Sixth Amendment claim in Ground Eight of his Motion, alleging ineffective assistance of counsel. The standard for ineffective assistance of counsel is a two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Sweeney must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." *Id.* Second, Sweeney must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable. *Id.*

Sweeney cannot show that his counsel's performance was deficient. At the time of trial, his counsel filed a timely motion with the Court attempting to suppress evidence seized in

5

Sweeney's vehicle. Doc. 9. At the time of Sweeney's sentencing, his counsel argued on his behalf for a downward departure from the sentencing guidelines. Doc. 69. Indeed, this Court elected to vary from the guideline range by nearly 100 months in imposing a sentence of 262 months as opposed to 360 months. Doc. 69 at 38-42.  In his Motion, Sweeney admits that his counsel did take steps to safeguard his rights, telling him that "what he filed gave the best chance for us to win on appeal." Doc. 80-1 at 4.  In summary, Sweeney has failed to show that counsel erred at all, let alone erred so seriously as to deprive him of the right to adequate counsel. He has also failed to show that his counsel's conduct deprived him of a fair trial and that the result of the trial is unreliable. Therefore, no violation of Petitioner's Sixth Amendment right to counsel has been shown.

Because Sweeney's claims that his Fourth Amendment and Sixth Amendment rights were violated as alleged in his Motion are unsupported, it cannot be said that his conviction resulted from an error of constitutional magnitude, one of the criteria for a valid claim under 28 U.S.C.A. § 2255.

Grounds Two, Three, and Four concern this Court's reliance on the testimony of law enforcement officers during trial. Such concerns, as set forth in Sweeney's Motion, do not meet the criteria in the statute under which a Motion to Vacate, Set Aside, or Correct Sentence may be brought. 28 U.S.C.A. § 2255(a). The Court has also noted the material concerning officer Jamal Ansari that accompanies Sweeney's Motions to Amend and Supplement his claim. Again, none of the material provided supplies any foundation to demonstrate a miscarriage of justice with respect to Sweeney's conviction and sentence. Therefore, Petitioner has failed to show that an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid, another factor for a valid claim under § 2255.

Grounds Five and Ten challenge Sweeney's designation as a career offender and allege that the sentence he received was too harsh as a result. Specifically, Sweeney asks the court to reconsider his sentencing in light of the Fair Sentencing Act of 2010. PL 111-220, 124 Stat 2372 (August 3, 2010).  Sweeney's designation as a career offender was based on a Pre-Sentence Investigation (PSI) prepared by the U.S. Probation Office. The findings contained in the PSI were discussed at length during Sweeney's original sentencing hearing. Doc. 69 at 2-7.  In his §2255 motion, Sweeney has not articulated any legitimate basis for challenging the validity of the PSI and the resulting career offender designation. Therefore, his designation as a career offender stands.

Sweeney's attempt to invoke the Fair Sentencing Act of 2010 as a basis for a reduction in sentence also fails. This Court sentenced Sweeney in 2008.  In *U.S. v. Carradine,* the Sixth Circuit ruled that the Fair Sentencing Act of 2010 "contains no express statement that it is retroactive nor can we infer such express intent from its plain language." *Carradine*, 621 F.3d 575, 579 (6th Cir. 2010). Subsequently, however, the U.S. Sentencing Commission did vote to give retroactive effect to an amendment to the sentencing guidelines governed under the Act. But as the government correctly pointed out in its earlier response to Sweeney's Motion under 18 U.S.C. § 3582 (c)(2), such changes have no bearing on the outcome of his case. Doc. 76 at 5-6. This is because of Sweeney's designation as a career offender, which makes relief unavailable to him with regard to an amendment to the crack cocaine sentencing guideline. See *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010); *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009); *United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010); *United States v.Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Alexander*, 543 F.3d 819, 825 (6th Cir. 2008); *United States v. Forman*, 553

7

F.3d 585, 589 (7th Cir. 2009) (per curiam); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008) (per curiam); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008); *United States v. Berry*, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

Meanwhile, Sweeney has also sought to achieve the same result of reducing his sentence by filing a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582 (c)(2). This Court denied his § 3582 motion, and that matter is still pending appellate review by the Sixth Circuit.

### IV. CONCLUSION

For the reasons stated above, Sweeney's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. His subsequent Motions to Amend or Supplement his claim to Vacate, Set Aside, or Correct Sentence, Docs. 87-89, are also DENIED.

Date: 6/28/13    /s/ John R. Adams
**JUDGE JOHN R. ADAMS**
**UNITED STATES DISTRICT COURT**