IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:07CR400 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| DEONTE SWEENEY, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | <u>MOTION FOR SENTENCE REDUCTION</u> |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Robert F. Corts[1], Assistant United States Attorney, and responds in opposition to Defendant Deonte Sweeney's request for sentence reduction.

**I.   BACKGROUND**

On July 18, 2007, a federal grand jury in the Northern District of Ohio returned an indictment against Sweeney, charging him with possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (R. 1: Indictment, PageID 3). An information to establish prior convictions was filed on November 28, 2007, which increased the statutory penalty to a minimum term of 20 years imprisonment with a statutory maximum term of life imprisonment. (R. 25: Information to establish prior conviction, PageID 160-62). Sweeney was convicted following a jury trial on December 13, 2007. (R. 39: Jury Verdict, PageID 206-07).

---

[1] Assistant United States Attorney Robert F. Corts is making an appearance for purposes of this motion only.

The Presentence Report ("PSR") recommended a base offense level 28 under U.S.S.G. § 2D1.1, because the jury's finding was that the offense conduct involved between 5 and 50 grams of cocaine base ("crack"). (PSR p. 5). The government objected to the PSR and provided a lab report indicating 84.02 grams of crack was recovered from Sweeney and argued for a base offense level 30. (See PSR p. 15; R. 57: Sent. Memo, PageID 875; R. 69: Sent. Trans., PageID 906-07, 918, 938). The PSR also recommended that Sweeney qualified as a career offender based on his two prior felony drug convictions. (PSR p. 5). This Court determined that given Sweeney's career offender status, the government's request for a higher base offense level was "somewhat beside the point." (R. 69: Sent. Trans, PageID 907). At sentencing, the court determined Sweeney was a career offender under U.S.S.G. § 4B1.1, yielding an adjusted offense level 37 with a Criminal History Category of VI, and a Guidelines range of 360 months to life imprisonment. See generally U.S.S.G. § 4B1.1(b)(1) (increasing a defendant's base offense level to 37 in cases where the offense statutory maximum is life imprisonment). (PSR pp. 5, 12; R. 69: Sent. Trans., PageID 909). The court varied downward and imposed a 262-month sentence. (R. 59: Judgment, p. 2; R. 69: Sent. Trans., PageID 944).[2]

Presently before this Court is Sweeney's request for a sentence reduction under the First Step Act of 2018. (R. 110: Motion, PageID 1615-21).

---

[2] This Court explained that "[t]he mandatory minimum is 10 years, sentence of 262 months is still well above the mandatory minimum. The Court has considered the disparity between crack and powder cocaine and believes that 360 months is greater than necessary. Although defendant has an extensive criminal history, violence was not used. Defendant had a very difficult upbringing and still completed High School with lack of parental guidance." (R. 59: Judgment, Statement of Reasons, p. 3).

2

**II.     LAW AND ARGUMENT**

On December 21, 2018, the First Step Act was signed into law. Section 404 of the First Step Act makes retroactive the portions of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") that lowered the threshold quantities triggering different statutory penalties for certain offenses involving cocaine base ("crack").

The Fair Sentencing Act was enacted on August 3, 2010, and did not apply retroactively. Initially, there was uncertainty whether that Act excluded all defendants whose offenses were committed before August 3, 2010, or only defendants already sentenced before that date. In Dorsey v. United States, 567 U.S. 260 (2012), the Supreme Court held that the Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred.

The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010," and provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(c) provides:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Prior to the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life if the offense involved "50 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life

3

with two prior felony drug convictions; Section 841(b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years if the offense involved "5 grams or more" but less than 50 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction; and Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction. 21 U.S.C. § 841 (1996).

Section 2 of the Fair Sentencing Act made changes to the threshold quantities triggering different statutory penalties under 21 U.S.C. § 841(b)(1). Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to life if the offense involved "280 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life with two prior felony drug convictions; Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction; and Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction. 21 U.S.C. § 841(b) (2010).

    **A.**    **Defendant's Guidelines Statutory Mandatory Minimum Remains Unaltered.**

Defendant argues that because the jury's finding was that defendant possessed with intent to distribute between 5 and 50 grams of cocaine base, this Court should find that he distributed only 5 grams of cocaine base, resulting in reduced statutory mandatory minimum penalties. (R. 110: Motion, PageID 1620). According to Defendant, his offense conduct is no longer punishable under Section 841(b)(1)(B), because it has been altered and is now punishable under Section 841(b)(1)(C). The government disagrees.

4

To be sure, the jury determined that the offense conduct involved between 5 and 50 grams of cocaine base.  (R. 39: Jury Verdict, PageID 206-07).  At sentencing, the government presented a chemist's lab report that had been presented at trial, indicating that 84.02 grams of crack was recovered from Sweeney.  (R. 69: Sent. Trans., PageID 906). This Court explained:

> Even though the government has argued that the 84 grams as set forth in the lab report should be considered by the Court, I will adopt the jury's verdict in that regard and give credence to same.

(Id., PageID 938).  Although this Court did not accept the government's position, the lab report supports the government's position that the Sweeney was responsible for a quantity of drugs that continues to be punishable by 21 U.S.C. § 841(b)(1)(B); that is, more than 28 grams of cocaine base.  This still falls within the parameters of the jury's finding that Sweeney distributed up to 50 grams of cocaine base.

## B. Defendant's Guidelines Range Remains Unaltered.

Under the First Step Act, a defendant who was sentenced before August 3, 2010, and whose sentencing exposure would be different under Section 2 of the Fair Sentencing Act, is entitled to consideration for a reduced sentence.  As explained above, the government believes that the statutory penalties have not been lowered and Sweeney's Guidelines range remains unchanged.  At sentencing, Sweeney was found to be a career offender with an adjusted offense level 37.  (R. 69: Sent. Trans., PageID 907).  Under Guidelines Section 4B1.1(b)(1), where the offense statutory maximum is life imprisonment, the base offense level is increased to 37.

Because the government filed notice of Sweeney's prior drug felony, Count 1 continues to carry a statutory maximum term of life imprisonment. Sweeney's adjusted base offense level therefore remains unaltered.

Section 404(c) of the Act makes clear that a sentencing reduction is discretionary.  See First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018) ("Nothing in

this section shall be construed to require a court to reduce any sentence pursuant to this section."). In deciding whether to exercise its discretion and reduce a sentence, courts are to consider the factors set forth in Section 3553(a), which requires consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct. In addition, under Pepper v. United States, 562 U.S. 476 (2011), courts may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

The government requests that this Court decline to exercise its discretion and deny Defendant's request for a reduced term of imprisonment. Because his offense statutory maximum has not changed, Sweeney would have been subject to the same career offender offense level if the Fair Sentencing Act had been in effect at the time of the original sentencing and the government had presented its case subject to the Fair Sentencing Act's requirements.

### C. The First Step Act Does Not Authorize a Plenary Resentencing.

Defendant requests a hearing with an updated Presentence Report and a review of all the relevant Section 3553(a) factors. In essence, Defendant is requesting a plenary resentencing which is not authorized under the First Step Act. In analogous circumstances, in Dillon v. United States, 560 U.S. 817, 825-26 (2010), the Supreme Court held that a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a guideline amendment declared retroactive by the Sentencing Commission, does not involve a plenary resentencing, but only application of the new guideline range as dictated by the Commission. In the provision addressed in Dillon, the statutory language allowed the court to "reduce" a term of imprisonment based on a retroactively applicable amendment. The Supreme Court emphasized that term, and observed, "[i]t is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." Id. at 825.

6

The Court concluded, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 826. The Court therefore decreed that a sentencing court considering application of a reduced guideline range should not reconsider any other aspect of the sentencing decision. Id. at 831.

Although the First Step Act does not incorporate Section 3582(c)(2), the Court's reasoning in Dillon strongly supports construing the Act to authorize a similarly curtailed sentencing proceeding. Section 404(b) of the First Step Act authorizes the court to "impose a reduced sentence"; it does not permit "further sentencing" or a "resentenc[ing]." See Dillon, 560 U.S. at 825 (quoting 18 U.S.C. § 3742(f)-(g)). Likewise, the First Step Act authorizes the court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." This provision, as well as the absence of any other concerning the substantive scope of the proceeding, indicates that Congress contemplated "only a limited adjustment to an otherwise final sentence." Id. at 826. Finally, like Section 3582(c)(2), the First Step Act applies only to a limited set of defendants: those who committed an offense before August 3, 2010, and who stand to benefit from the threshold quantity changes in the Fair Sentencing Act. Accordingly, Section 404(b), like Section 3582(c)(2), is properly understood not to authorize a plenary resentencing, and the government requests that this Court decide the issue on the motions.

7

**III.    CONCLUSION**

In sum, for the reasons set forth above, the government respectfully requests that this Court deny Defendant's request for a reduced term of imprisonment under the First Step Act without a hearing.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

                                    By:    /s/ Robert F. Corts
                                                Robert F. Corts (OH: 0041432)
                                                Assistant United States Attorney
                                                United States Court House
                                                801 West Superior Avenue, Suite 400
                                                Cleveland, OH 44113
                                                (216) 622-3957
                                                (216) 522-7499 (facsimile)
                                                Robert.Corts@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

    /s/ Robert F. Corts
    Robert F. Corts
    Assistant U.S. Attorney