UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:07CR400 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DEONTAE SWEENEY, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Deontae Sweeney's motion for imposition of a reduced sentence under the First Step Act. Doc. 110. Upon review, the motion is DENIED.

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") was signed into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F.Supp. 3d 379, 385, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018). Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant, however, is left to the sentencing court's discretion. *Id*. at § 404(c). No reduction is required. ("Courts retain discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require

a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)). Instead, "[t]he First Step Act now permits the Court to exercise the full range of its discretion consistent with the Section 3553(a) factors." *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6 (W.D. Mich. June 20, 2019).

This matter was temporarily stayed while the parties awaited the Sixth Circuit's ruling in *United States v. Boulding,* 960 F.3d 774 (6th Cir. 2020). The parties now agree that *Boulding* answers the question whether Sweeney is *eligible* for a reduction. In that regard, the parties now agree that Sweeney is eligible for a reduction. The parties, however, do not agree on whether the Court should exercise its discretion and order such a reduction. Upon review, the Court finds that a reduction is not appropriate.

Initially, the Court notes that the reduction in Sweeney's advisory guideline range stems from Congressional efforts to eliminate the disparities that existed between sentences for powder and crack cocaine. As a result of the Act, Sweeney's advisory guideline range has been reduced from 360 months to life to 262 to 327 months. However, when evaluating Sweeney's motion, the Court notes that it has previously taken the powder and crack cocaine disparity into account:

> However, in this particular matter the Court will vary. I will do so for two reasons. Number one, I think I'm permitted to consider, and I will consider, the disparities between powder and crack. And I think that is one reason by which the Court will vary in this particular matter.

Doc. 69 at 38. The Court continued: "Of some importance is the two levels that the sentencing commission has considered, and of importance to me is the government's -- by the government's own admission if this defendant were a powder cocaine defendant, his advisory guideline would

2

be a 34 at 262 to 327 months." Doc. 69 at 40. The Court also noted that it believed the 360-month sentence suggested by Sweeney's career offender status was greater than necessary to achieve the purposes of sentencing.

Based upon the above, Sweeney's argument that he should receive a proportionate downward variance from his newly-established guideline range of 262 to 327 months is not well taken. The Court has previously taken into consideration the disparity between crack and powder sentences. In so doing, the Court adopted a guideline range as though Sweeney had been convicted of a powder offense. The Court, therefore, finds no basis to reduce Sweeney's sentence a second time based upon the same reasoning.

Moreover, Sweeney's conduct while incarcerated strongly suggests that reducing his sentence is not warranted. The Government actually summarized Sweeney's misconduct in prison as follows:

> • June 1, 2020 – Sweeney threatened staff and was then [] insolent toward a staff member. For the threat he was disallowed 27 days good conduct time, subject to 30 days' disciplinary segregation, and 6 months loss of commissary; for the insolence he lost email privileges for 4 months.
>
> • June 2, 2020 – Sweeney attempted to assault a lieutenant during a restraint check by lunging at the lieutenant, was insolent to staff, and threatened segregated housing unit staff. For this incident he was disallowed 27 days good conduct time, subjected to 30 days disciplinary segregation, forfeited 60 days nonvested good conduct time, and fined $173.
>
> • June 3, 2020 – Sweeney purposely urinated on the cell floor and lost visiting privileges for 6 months.
>
> • June 15, 2020 – Sweeney attempted to hang himself. He was disallowed 27 days good conduct time, forfeited 60 days non-vested good conduct time, and fined $102.

3

> • June 16, 2020 – Sweeney exposed himself to an[] inmate companion while on suicide watch. He was disallowed 13 days good conduct time, given 30 days disciplinary segregation, forfeited 30 days non-vested good conduct time, and 30 days mattress restriction.
>
> • November 18, 2020 – Sweeney tried to destroy or dispose of an item during a search. He was disallowed 41 days of good conduct time, given 30 days of disciplinary segregation, and lost 90 days of commissary and email privileges.
>
> • November 25, 2020 – Sweeney possessed a dangerous weapon[] and assaulted someone without injury. For the weapon, he was disallowed 41 days of good conduct time, given 15 days of disciplinary segregation, and lost 90 days of commissary and email privileges. For the assault he was disallowed 27 days of good conduct time, given 15 days of disciplinary segregation, and lost 90 days of commissary and email privileges.
>
> • January 14, 2021 – Sweeney assaulted someone without injury. He was disallowed 27 days of good conduct time and 30 days disciplinary segregation (suspended pending 30 days clear conduct), and lost email and commissary privileges for 3 months.

Doc. 124 at 3-4. While the Court acknowledges that Sweeney has completed several education courses and appears, at times, to be attempting to better himself, it cannot ignore his string of infractions all coming close in time to his request to reduce his sentence. Those infractions strongly suggest that the Court's original term of imprisonment, 262 months, remains sufficient but not greater than necessary to achieve the goals of sentencing.

Accordingly, Sweeney's motion to reduce his sentence is DENIED.

IT IS SO ORDERED.


March 9, 2021                /s/*John R. Adams*
Date                JOHN R. ADAMS
               UNITED STATES DISTRICT JUDGE